# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                   Case No. 07-CR-144

VICTOR M. JOHNSON,

    Defendant.

## ORDER DENYING MOTION
## FOR *FRANKS* HEARING

On June 12, 2007, a grand jury sitting in Milwaukee returned an indictment charging defendants Victor M. Johnson and Nasif N. Taylor with conspiracy to distribute, possession with intent to distribute, and distribution of, crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1). On September 6, 2007, after the pre-trial motion deadline had passed, Johnson filed a motion to reopen the deadline so that he could file a motion seeking a *Franks* hearing as a prelude to seeking suppression of evidence obtained in the execution of a search warrant on a hotel room in which Johnson was allegedly staying. *See Franks v. Delaware*, 438 U.S. 154 (1978). Johnson claimed that the affidavit submitted in support of the application for the warrant omitted material facts which, if included and considered by the issuing magistrate, would have resulted in denial of the application. Specifically, Johnson claims that the affidavit submitted in support of the warrant application recounted information obtained from co-defendant Nasif Taylor to the effect that Johnson rented the room and there was cocaine left near the bed. The affidavit failed to mention, however, the fact that Taylor initially denied knowing anything about drug activity before

he changed his story and informed police that they would find cocaine in the room Johnson had rented. Johnson claims that the failure to advise the issuing magistrate of Taylor's denials mislead the issuing magistrate and resulted in the warrant being issued on less than probable cause. In support of the motion, Johnson filed an affidavit to which is attached a transcript of the interview police had with Taylor. Although the motion filing deadline had passed, Johnson argued it should be reopened because he did not receive the transcript which reveals Taylor's initial denials of any involvement until after the time for filing motions had expired.

In its response, the government conceded that Johnson did not receive the transcript of Taylor's interview until after the motion filing deadline had expired and thus did not oppose Johnson's request for leave to file his motion. With respect to his request for a *Franks* hearing, however, the government argued that Johnson had not made the required showing and thus no hearing on the issue should be held. I thereafter granted Johnson's motion to reopen the motion deadline and ordered him to file a reply to the government's argument that he had failed to make the showing required for a hearing. He has now done so, and the matter is ready for decision.

The Fourth Amendment provides that a warrant shall not issue except upon probable cause. The showing of probable cause is usually set forth in an affidavit of a law enforcement officer requesting the warrant. Probable cause is established when, considering the totality of the circumstances, there is sufficient evidence to cause a reasonably prudent person to believe that a search will uncover evidence of a crime. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983). Generally, the question of whether the warrant was issued upon probable cause is determined by considering the four corners of the affidavit upon which it was based. In *Franks v. Delaware,* however, the Court held that the Fourth Amendment requires an evidentiary hearing on the veracity of a warrant affidavit, and ultimately on the constitutionality of the search, when a defendant requests such a

2

hearing and "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and the allegedly false statement is necessary to the finding of probable cause." 438 U.S. at 155-56; *see also United States v. Jones*, 208 F.3d 603, 607 (7th Cir.2000). The Seventh Circuit, like most courts, has interpreted the holding of *Franks* to also apply to omissions. *United States v. Williams*, 737 F.2d 594, 604 (7th Cir.1984). Therefore, a defendant may also challenge an affidavit by showing that the affiant intentionally or recklessly omitted material information. *Shell v. United States*, 448 F.3d 951, 958 (7th Cir.2006); *United States v. Pace*, 898 F.2d 1218, 1232-33 (7th Cir.1990). In order to obtain a hearing, however, the defendant must make a substantial preliminary showing that the affiant knowingly or with reckless disregard for the truth, made a false statement or omitted a fact that was necessary for the probable cause determination. 438 U.S. at 155-156; *U.S. v. Maro*, 272 F.3d 871, 821 (7th Cir. 2001). Immaterial misstatements or omissions will not affect the validity of an otherwise lawful warrant. *Molina ex rel. Molina v. Cooper*, 325 F.3d 963, 968 (7th Cir. 2003).

In this case, Johnson contends that the officer intentionally omitted the fact that prior to informing police that cocaine was left in the hotel room, Taylor strenuously denied any knowledge of drug dealing. Johnson claims that had the officer informed the issuing magistrate of Taylor's earlier denials, probable cause would not have been shown and the warrant application would have been rejected. Thus, he contends, a hearing is necessary to establish the violation so that the evidence will be suppressed.

I find Johnson's argument unpersuasive. There is no requirement that a law enforcement officer seeking a search warrant include all information, or even all exculpatory information, in the affidavit submitted in support of the warrant request. "Franks protects against omissions that are

3

designed to mislead, or that are made in reckless disregard of whether they would mislead, the magistrate." *United States v. Colkley,* 899 F.2d 297, 301 (4th Cir. 1990); *see also United States v. Reivich*, 793 F.2d 957, 961 (8th Cir.1986) (holding that as applied to omissions, *Franks* requires showing that "(1) that the police omitted facts with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading, . . . and (2) that the affidavit if supplemented by the omitted information would not have been sufficient to support a finding of probable cause."). The fact that a co-defendant initially denied his involvement in a crime is hardly evidence that he was untruthful when he subsequently admitted such involvement and informed the officers where incriminating evidence would be found. Presumably, many suspects who ultimately confess to a crime deny involvement at first, since its only natural to want to avoid being held accountable for a crime. Unless the confession was coerced, the initial denial does not make the confession less credible. The law regards statements against penal interest as inherently trustworthy. "People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility-sufficient at least to support a finding of probable cause to search." *United States v. Harris*, 403 U.S. 573, 583 (1971). Thus, the fact that Taylor's initial denial was omitted is hardly evidence police were attempting to mislead the issuing magistrate.

This is especially true when, as in this case, the police had additional evidence showing Taylor's involvement. *See State v. Platt,* 574 A.2d 789, 793 (Vt. 1990) ("This argument has little merit. First, defendant's contention that the information was intentionally omitted is mere speculation. More importantly, the fact that the informant denied involvement in the crime, but then confessed, particularly in light of the information previously gathered by the police, could be construed as a further indication of truthfulness."). In this case, the affiant noted in his probable

4

cause affidavit that Taylor was taken into custody while driving a car believed to be the source vehicle for a sale of crack cocaine to a confidential informant. The entire transaction was monitored by undercover police officers. When police pulled the vehicle over as it left the scene of the drug transaction, Johnson, who was a passenger, fled. He was apprehended shortly thereafter, and both men were taken to the police station where videotaped interviews were conducted. (Doc. # 59, Ex. 2.) Though not included in the affidavit, the investigating officers also knew that Taylor had driven to Green Bay from Chicago earlier in the week with Johnson, who was also his cousin. More importantly, the affiant knew that at the time he was taken into custody, Taylor was in possession of the very money police had supplied for the drug purchase. (Doc. # 59, Ex. 3 at 8, 24-25.)

Based on this evidence, the officers apparently concluded that Taylor's initial claim that he had no knowledge of drug activity was incredible and there was no reason to include it in the affidavit. I agree. I therefore conclude that the failure to include Taylor's initial denial in the application for a search warrant was not done with intent to make, or in reckless disregard of whether it would thereby make, the affidavit misleading. *Reivich*, 793 F.3d at 961. I also conclude that inclusion of the omitted information would not have vitiated the probable cause established by the other information set forth in the affidavit. *Id.*

Accordingly, for the reasons stated above, the motion for a hearing pursuant to *Franks v. Delaware* is **DENIED**.

**SO ORDERED** this     9th     day of October, 2007.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge